IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA PAUGELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 1861 |
| v. ) | |
| HARTFORD LIFE AND ACCIDENT ) | Judge Moran |
| INSURANCE CO., ) | |
| ) | Magistrate Judge Schenkier |
| Defendant. ) | |

**HARTFORD LIFE INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), by and through its attorneys, Donald A. Murday, Elizabeth G. Doolin, Stuart F. Primack and Chittenden, Murday & Novotny LLC, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

*Jurisdiction and Venue*

1.  Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan underwritten and insured by Hartford Life and Accident Insurance Co. ("Hartford") for the benefit of employees of Wal-Mart Stores, Inc. ("Wal-Mart").

**ANSWER:** Hartford admits the allegations of Paragraph 1.

2.       The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:**   Hartford admits the allegations of Paragraph 2.

3.       Venus is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

**ANSWER:**   Hartford admits the allegations of Paragraph 3.

*Nature of Action*

4.       This is a claim seeking disability income benefit payments to Plaintiff pursuant to a policy of group long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by Hartford under Policy No. GLT205215 for the benefit of employees of Wal-Mart. This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

**ANSWER:**   Hartford admits the allegations of Paragraph 4.

*Parties*

5.       The Plaintiff, Diana Paugels ("Paugels") (DOB 3/xx/55), is and was a resident of Yorkville, Illinois at all times relevant hereto.

**ANSWER:**   Hartford admits the allegations of Paragraph 5.

6.       The Defendant, Hartford, is the underwriter and insurer of a Long-Term Disability Plan ("Plan"), Group Policy Number GLT205215, issued to Wal-Mart for the benefit of its employees. At all times relevant hereto, Hartford was engaged in the business of insurance and in the administration of benefits under the aforementioned policy of insurance within the Northern District of Illinois.

**ANSWER:** Hartford admits that it is the underwriter and insurer of a Long-Term Disability Plan ("Plan"), Group Policy Number GLT 205215, issued to Wal-Mart for the benefit of its employees. Hartford further admits that it, at all relevant times hereto, was engaged in the business of insurance within the Northern District of Illinois, but denies that it was the Plan Administrator or that it engaged in Plan Administrator duties under the aforementioned policy of insurance and denies the remaining allegations of Paragraph 6 and each of them.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment with Wal-Mart, Paugels received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Hartford admits the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), that Plaintiff was a participant in the Plan as defined by 29 U.S.C. § 1002(7), that Plaintiff had coverage under the Plan only in accordance with the Plan's terms, conditions, limitations and exclusions, and that Plaintiff's claim relates to benefits under the Plan. Hartford denies the remaining allegations of Paragraph 7 and each of them.

*Statement of Facts*

8. Paugels was employed as an Invoice Clerk for Wal-Mart until April 29, 2005, when she was forced to cease working due to the combined effects of vasovagal syncope and orthostatic hypotension (dizziness and fainting), depression, fibromyalgia, chronic back and joint pain, diabetes, and asthma. Paugels has not been actively employed since that date.

**ANSWER:** Upon information and belief, Hartford admits that Plaintiff was employed by Wal-Mart as an Invoice Clerk until April 28, 2005. Hartford further admits that Plaintiff claims to have ceased working due to the combined effects of vasovagal syncope and orthostatic

hypotension (dizziness and fainting), depression, fibromyalgia, chronic back and joint pain, diabetes and asthma. Hartford denies that Plaintiff's ongoing conditions prevent her from performing the essential duties of any occupation for which she is qualified by education, training or experience. Hartford lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she has not been actively employed since April 29, 2005. Hartford denies the remaining allegations of Paragraph 8 and each of them.

9. Subsequent to ceasing her employment, Paugels made a claim for long-term disability (LTD) benefits under the Plan. Hartford awarded Paugels LTD benefits and began paying those benefits on November 21, 2005. Pursuant to the Plan, long-term disability is defined as follows:

> Total Disability or Totally Disabled means that:
> 1) during the Elimination Period; and
> 2) for the next 12 months, you are prevented by:
>    (a) accidental bodily injury;
>    (b) sickness;
>    (c) Mental Illness;
>    (d) Substance abuse; or
>    (e) Pregnancy,
>
> from performing the essential duties of your occupation, and are under the continuous care of a Physician and as a result you are earning less than 20% of your Pre-disability Earnings, unless engaged in a program of Rehabilitative Employment approved by us.
>
> After that, you must be so prevented from performing the essential duties of any occupation for which you are qualified by education, training or expertise.

Plan p. 5 (Exhibit A).

**ANSWER:** Hartford admits that Plaintiff applied for LTD benefits under the Plan and admits that it awarded LTD benefits to Plaintiff and began paying those benefits on November 21, 2005. Hartford admits that the portions of the Plan quoted in Paragraph 9 are quoted accurately and denies the remaining allegations of Paragraph 9 and each of them.

4

10. Concurrent with her claim for disability benefits, Paugels also applied for Social Security disability benefits. Paugels has since been awarded Social Security benefits and continues to receive them, signifying a finding by the Social Security Administration that she is unable to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (definition of disabled under Social Security Act).

**ANSWER:** Hartford admits that Plaintiff applied for Social Security Disability benefits and admits that Plaintiff was awarded Social Security benefits and continues to receive such benefits. Hartford denies that the Social Security Administration's decision signifies that Plaintiff is unable to engage "any substantial gainful activity" or that it signifies that Plaintiff is unable to perform the essential duties of any occupation for which Plaintiff is qualified by education, training or experience. Hartford further denies that the Social Security Administration's decision is probative of whether Plaintiff was disabled under the terms, conditions, limitations and exclusions of the Plan. Hartford denies the remaining allegations of Paragraph 10 and each of them.

11. Despite overwhelming evidence demonstrating Paugels ongoing disability under the Plan, Hartford terminated her benefits on November 22, 2006, stating she was no longer eligible for LTD benefits because she was not unable to perform the essential duties of "any" occupation. As the basis for its decision, Hartford relied upon the reports of physicians who merely reviewed Paugels file without examining her even though reliance on non-examining doctor reports deprive the plaintiff of due process and a full and fair review of her claim.

**ANSWER:** Hartford admits that it terminated Plaintiff's benefits on November 20, 2006 and admits that it terminated Plaintiff's benefits because she was no longer "totally disabled" under the Plan. Hartford further admits that its decision to terminate Plaintiff's

5

benefits was based upon its review of the entire administrative record as a whole and denies the remaining allegations of Paragraph 11 and each of them.

12. After being notified that Hartford terminated her LTD benefits, Paugels submitted an appeal of the decision, supporting the appeal with additional medical evidence from her treating physicians and other substantial evidence. However, on August 27, 2007, Hartford upheld its decision to terminate Paugels LTD benefits, again relying on the reports of psychiatrists who reviewed Paugels medical records without examining her. Hartford also refused to alter its decision following submission of the entire Social Security claim record with a request that it be considered. Such actions constitute a breach of the fiduciary duty owed to Paugels in accordance with 29 U.S.C. § 1104(a)(1).

**ANSWER:** Hartford admits that Plaintiff appealed Hartford's decision to terminate her LTD benefits and admits that Plaintiff submitted additional evidence supporting her claim for benefits. Hartford further admits that it upheld its decision to terminate Plaintiff's LTD benefits on August 27, 2007 and admits that its decision was based upon its review of the entire administrative record as a whole and denies the remaining allegations of Paragraph 12 and each of them.

13. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

**ANSWER:** Hartford admits the allegations of Paragraph 13.

14. The determination by Hartford is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinion of physicians and others who have never examined the plaintiff, Hartford has denied Paugels due process of law since its determination

was based on hearsay evidence that cannot constitute substantial evidence in a civil action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:** Hartford denies the allegations of Paragraph 14 and each of them.

15. As a direct and proximate result of the foregoing, based on the evidence submitted to Hartford establishing Paugels has met and continues to meet the Plan's disability definitions, Paugels is entitled to all benefits due since November 2006, and such benefits must continue until she recovers from disability, dies, or reaches the age of 65, whichever comes first.

**ANSWER:** Hartford denies the allegations of Paragraph 15 and each of them.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company denies that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby requests judgment in its favor and against Plaintiff on Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

In the event the Court finds that Plaintiff is entitled to additional disability benefits under the Policy, which Hartford disputes, Plaintiff's damages shall be reduced by any and all Other Income Benefits Plaintiff has received or to which she has or had a right, (including, but not limited to, Social Security benefits) in accordance with the terms, conditions, limitations, and exclusions of the Policy, which payments act as a setoff.

### SECOND DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which must be afforded to the claim determination.

### THIRD DEFENSE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and governing federal

common law of ERISA, this Court's review is limited to the administrative record before Hartford when it made the claim determination.

## FOURTH DEFENSE

Hartford's review of Plaintiff's claim constitutes a full and fair review under 29 U.S.C. § 1133(2).

## FIFTH DEFENSE

Plaintiff's claims for equitable relief, including her claim for breach of fiduciary duty, are barred as Plaintiff seeks relief under § 502(a)(1)(B) of ERISA. (29 U.S.C. § 1132(a)(1)(B)).

## SIXTH DEFENSE

Plaintiff's claims are barred because Hartford discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## SEVENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## EIGHTH DEFENSE

Hartford asserts that Plaintiff failed to demonstrate continued eligibility for benefits under the terms and provisions of the Plan.

## NINTH DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Hartford, such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's exhaustion of all administrative and/or Plan remedies.

## **TENTH DEFENSE**

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, Hartford reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

Respectfully submitted,

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY


/s/ Stuart F. Primack
One of its attorneys


Donald A. Murday
Elizabeth G. Doolin
Stuart F. Primack
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suit 1400
Chicago, Illinois  60606
(312) 281-3600
(312) 281-3678 (fax)

O:\HA815\41161-Paugels\PLDGS\Answer to Complaint.doc

*Certificate of Service*

      I hereby certify that on **April 28, 2008,** I electronically filed the foregoing Hartford Life and Accident Insurance Company's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System.

**Dated this 28th day of April, 2008.**

                By.: /s/ Stuart F. Primack
                CHITTENDEN, MURDAY & NOVOTNY LLC
                303 West Madison Street, Suite 1400
                Chicago, Illinois  60606
                (312) 281-3600